UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

OCCUPY WALL STREET, an unincorporated association
by and through Christine Crowther and Diego Ibanez, as its
*de facto* Treasurers, AMANDA ROSE HENK, MICHELE
LEE HARDESTY, FRANCES MERCANTI-ANTHONY,
JAIME TAYLOR, and ELIZABETH FAGIN,

**ANSWER**

12 CV 4129 (GBD)

Plaintiffs,

-against-

THE CITY OF NEW YORK, MICHAEL BLOOMBERG
In his official capacity as Mayor of the City of New York
RAYMOND KELLY, in his official capacity as Police
Commissioner, JOHN DOHERTY, in his official capacity
as Sanitation Commissioner, JOHN DOE and RICHARD
ROE and other presently unidentified officials, employees
and/or agents of the City of New York in their official and
individual capacities,

Defendants.
------------------------------------------------------------------- x

Defendants, the City of New York, Mayor Michael Bloomberg, Raymond Kelly

and John Doherty (collectively "City defendants") by their attorney, MICHAEL A. CARDOZO,

Corporation Counsel of the City of New York, for their answer to the complaint, respectfully

allege:

1.       Deny the allegations set forth in paragraph 1 of the complaint, except

admit that plaintiffs purport to proceed as set forth therein.

2.       Deny the allegations set forth in paragraph 2 of the complaint, except

admit that City employees removed some property from Zuccotti Park on November 15, 2011

and then made it available for inspection and pick-up by properly identified members of the

public.

3.       Deny the allegations set forth in paragraph 3 of the complaint, except

admit that plaintiffs purport to proceed as set forth therein.

4.     Deny the allegations set forth in paragraph 4 of the complaint, except admit that venue is proper.

5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint, except admit that plaintiffs purport to proceed as set forth therein.

6.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint, except admit that demonstrations purporting to be associated with "Occupy Wall Street" have taken place in New York City.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint.

9.     Admit the allegations set forth in paragraph 9 of the complaint.

10.     Deny the allegations set forth in paragraph 10 of the complaint, except admit that Michael Bloomberg is the Mayor of the City of New York and that, as such, he has the powers and duties set forth in Chapter 1, Section 3, et. seq. of the New York City Charter ("City Charter").

11.     Deny the allegations set forth in paragraph 11 of the complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department ("NYPD") and that, as such, he has the powers and duties set forth in City Charter Chapter 18, Section 431, et.seq.

12.     Deny the allegations set forth in paragraph 12 of the complaint, except admit that John Doherty is the Commissioner of the New York City Department of Sanitation

("DSNY") and that, as such, he has the powers and duties set forth in City Charter Chapter 31, Section 731, et.seq.

13.     Deny the allegations set forth in paragraph 13 of the complaint, except admit that plaintiffs purport to proceed as set forth therein.

14.     Deny the allegations set forth in paragraph 14 of the complaint, except admit that defendants acted lawfully and under color of state law and that plaintiffs purport to proceed as set forth therein.

15.     Deny the allegations set forth in the first sentence of paragraph 15 of the complaint, except admit that on or about September 17, 2011, a group purporting to be associated with "Occupy Wall Street" began demonstrating in lower Manhattan in a Privately Owned Public Space ("POPS") know as Zuccotti Park.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second and third sentences of paragraph 15 of the complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint, except deny the allegations to the extent they allege or purport to allege that it was lawful to maintain a library in Zuccotti Park, and insofar as they characterize the actions taken on November 15, 2011 as an eviction.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint, except deny the allegations to the extent they allege or purport to allege that it was lawful to maintain a library in Zuccotti Park, and insofar as they characterize the actions taken on November 15, 2011 as a raid.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 19 of the complaint.  Deny the allegations set forth in the second sentence of paragraph 19 of the complaint to the extent they allege or purport to allege that defendants acted improperly or contrary to law.

20.     Deny the allegation set forth in the first sentence of paragraph 20 of the complaint only insofar as they describe the NYPD's actions on November 15, 2011 as "enforcing the City's policy."  Admit the allegations set forth in the second and third sentences in paragraph 20 of the complaint.

21.     Admit the allegation set forth in paragraph 21 of the complaint.

22.     Deny the allegations set forth in paragraph 22 of the complaint, except admit that City employees removed some property from Zuccotti Park on November 15, 2011, loaded it into DSNY trucks, and removed it to a DSNY facility where it was made available for inspection and pick-up by properly identified members of the public.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the complaint, except deny the allegations to the extent they allege or purport to allege that defendants acted improperly or contrary to law and to the extent they allege or purport to allege that it was lawful to maintain a library in Zuccotti Park.

24.     Deny the allegations set forth in the paragraph 24 of the complaint, except admit that Mayor Bloomberg authorized and assumed responsibility for the action taken to temporarily clear Zuccotti Park on November 15, 2011.

25.     Deny the allegations set forth in paragraph 25 of the complaint.

26.     Deny the allegation set forth in paragraph 26 of the complaint to the extent they allege or purport to allege that defendants acted improperly or contrary to law and to the extent they allege or purport to allege that it was lawful to maintain a library in Zuccotti Park.

27.     Deny the allegations set forth in paragraph 27 of the complaint.

28.     Deny the allegations set forth in paragraph 28 of the complaint.

29.     Deny the allegations set forth in paragraph 29 of the complaint.

30.     Deny the allegations set forth in paragraph 30 of the compliant, except admit that DSNY records indicate that both Michele Hardesty and Elizabeth Fagin were present at, and retrieved property from, the DSNY West 57th Street garage on November 16 and November 18, 2011.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the complaint, except deny the allegations insofar as they allege or purport to allege that defendants acted improperly or contrary to law and to the extent they allege or purport to allege that it was lawful to maintain a library in Zuccotti Park.

32.     Deny the allegations set forth in paragraph 32 of the complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the complaint, except deny the allegations insofar as they characterize the defendants actions as "seizing" property and insofar as they allege or purport to allege that defendants acted improperly or contrary to law and to the extent they allege or purport to allege that it was lawful to maintain a library in Zuccotti Park.

34.     Deny the allegations set forth in paragraph 34 of the complaint.

35.     Deny the allegations set forth in paragraph 35 of the complaint.

36.     Deny the allegations set forth in paragraph 36 of the complaint.

37.     Deny the allegations set forth in paragraph 37 of the complaint.

38.     Deny the allegations set forth in the first sentence of paragraph 38 of the complaint, except admit that on or about February 9, 2012, "Occupy Wall Street, an unincorporated association, by and through Peter J. Dutro, as *de facto* Treasurer" filed a Notice of Claim regarding various property with the New York City Comptroller.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence in paragraph 38 of the complaint.

39.     Deny the allegations set forth in paragraph 39 of the complaint, except admit that in temporarily clearing Zuccotti Park on November 15, 2011, defendants were acting under color of state law.

40.     In response to paragraph 40 of the complaint, defendants repeat the responses to the paragraphs of the complaint incorporated by reference therein.

41.     Deny the allegations set forth in paragraph 41 of the complaint.

42.     Deny the allegations set forth in paragraph 42 of the complaint.

43.     In response to paragraph 43 of the complaint, defendants repeat the responses to the paragraphs of the complaint incorporated by reference therein.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the complaint, except deny the allegations to the extent they allege or purport to allege that defendants acted improperly or contrary to law.

45.     Deny the allegations set forth in paragraph 45 of the complaint.

46.     Deny the allegations set forth in paragraph 46 of the complaint.

47.     In response to paragraph 47 of the complaint, defendants repeat the responses to the paragraphs of the complaint incorporated by reference therein.

48.    Deny the allegations set forth in paragraph 48 of the complaint.

49.    Deny the allegations set forth in paragraph 49 of the complaint.

50.    In response to paragraph 50 of the complaint, defendants repeat the responses to the paragraphs of the complaint incorporated by reference therein.

51.    Deny the allegations set forth in paragraph 51 of the complaint.

52.    Deny the allegations set forth in paragraph 52 of the complaint.

53.    Deny the allegations set forth in paragraph 53 of the complaint.

54.    In response to paragraph 54 of the complaint, defendants repeat the responses to the paragraphs of the complaint incorporated by reference therein.

55.    Deny the allegations set forth in paragraph 55 of the complaint.

56.    In response to paragraph 56 of the complaint, defendants repeat the responses to the paragraphs of the complaint incorporated by reference therein.

57.    Deny the allegations set forth in paragraph 57 of the complaint.

58.    In response to paragraph 58 of the complaint, defendants repeat the responses to the paragraphs of the complaint incorporated by reference therein.

59.    Deny the allegations set forth in paragraph 59 of the complaint.

60.    In response to paragraph 60 of the complaint, defendants repeat the responses to the paragraphs of the complaint incorporated by reference therein.

61.    Deny the allegations set forth in paragraph 61 of the complaint.

62.    Admit the allegations set forth in paragraph 62 of the complaint, except deny that the Court should exercise its jurisdiction to hear such claims.

63.    In response to paragraph 63 of the complaint, defendants repeat the responses to the paragraphs of the complaint incorporated by reference therein.

64.    Deny the allegations set forth in paragraph 64 of the complaint.

65.    Admit the allegations set forth in paragraph 65 of the complaint, except deny that the Court should exercise its jurisdiction to hear such claims.

66.    In response to paragraph 66 of the complaint, defendants repeat the responses to the paragraphs of the complaint incorporated by reference therein.

67.    Deny the allegations set forth in paragraph 67 of the complaint.

68.    Deny the allegations set forth in paragraph 68 of the complaint.

69.    Admit the allegations set forth in paragraph 69 of the complaint, except deny that the Court should exercise its jurisdiction to hear such claims.

70.    In response to paragraph 70 of the complaint, defendants repeat the responses to the paragraphs of the complaint incorporated by reference therein.

71.    Deny the allegations set forth in paragraph 71 of the complaint.

72.    Admit the allegations set forth in paragraph 72 of the complaint, except deny that the Court should exercise its jurisdiction to hear such claims.

73.    Deny the allegations set forth in paragraph 73 of the complaint, except admit that plaintiffs purport to proceed as set forth therein.

## FIRST AFFIRMATIVE DEFENSE

74.    The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

75.    Defendants have not violated any rights, privileges or immunities secured to the plaintiffs by the constitution or laws of the United States nor have defendants violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

76.     Defendants have not violated any rights, privileges or immunities secured to the plaintiffs by the constitution or laws of the State of New York.

### FOURTH AFFIRMATIVE DEFENSE

77.     Plaintiffs are not entitled to the declaratory relief they seek.

### FIFTH AFFIRMATIVE DEFENSE

78.     Plaintiffs are not the lawful owners of all or some of the property that is alleged to be missing or damaged and, thus, they do not have standing to maintain all or some of their claims.

### SIXTH AFFIRMATIVE DEFENSE

79.     At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

### SEVENTH AFFIRMATIVE DEFENSE

80.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

### EIGHTH AFFIRMATIVE DEFENSE

81.     Plaintiffs comes to this court without clean hands and are, thus, barred from obtaining the injunctive relief it seeks under the doctrine of unclean hands.

WHEREFORE City defendants respectfully request a judgment dismissing the complaint, awarding defendant its costs and disbursements herein, including reasonable attorney's fees, and granting such other and further relief as the Court deems just and proper.

Dated:     New York, New York
             June 14, 2012

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                        City of New York
                                      Attorney for City Defendants
                                      100 Church Street, Room 5-175
                                      New York, New York 10007
                                      (212) 788-1035
                                      sneufeld@law.nyc.gov

                                By: _____
                                      Sheryl R. Neufeld
                                      Assistant Corporation Counsel

Index No. 12 CV 4129 (GBD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OCCUPY WALL STREET, an unincorporated association by and
through Christine Crowther and Diego Ibanez, as its *de facto*
Treasurers, AMANDA ROSE HENK, MICHELE LEE
HARDESTY, FRANCES MERCANTI-ANTHONY, JAIME
TAYLOR, and ELIZABETH FAGIN,

Plaintiffs,

-against-

THE CITY OF NEW YORK, MICHAEL BLOOMBERG In his
official capacity as Mayor of the City of New York
RAYMOND KELLY, in his official capacity as Police
Commissioner, JOHN DOHERTY, in his official capacity as
Sanitation Commissioner, JOHN DOE and RICHARD
ROE and other presently unidentified officials, employees
and/or agents of the City of New York in their official and
individual capacities,

Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*
*Of Counsel: Sheryl R. Neufeld*
*Tel: (212) 788-1035*
*2012-022400AL*

*Due and timely service is hereby admitted.*

*Esq.*

*Attorney for*