UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OCCUPY WALL STREET, an unincorporated association by and through Christine Crowther and Diego Ibanez, as its de facto Treasurers, AMANDA ROSE HENK, MICHELE LEE HARDESTY, FRANCES MERCANTI-ANTHONY, JAIME TAYLOR, and ELIZABETH FAGIN,

                            Plaintiffs,

- against -

THE CITY OF NEW YORK, MICHAEL BLOOMBERG In his official capacity as Mayor of the City of New York, RAYMOND KELLY, in his official capacity as Police Commissioner, JOHN DOHERTY, in his official capacity as Sanitation Commissioner, JOHN DOE and RICHARD ROE and other presently unidentified officials, employees and/or agents of the City of New York in their official and individual capacities,

                            Defendants.

---

THE CITY OF NEW YORK, MICHAEL BLOOMBERG In his official capacity as Mayor of the City of New York, RAYMOND KELLY, in his official capacity as Sanitation Commissioner, JOHN DOHERTY, in his official capacity as Sanitation Commissioner, JOHN DOE and RICHARD ROE and other presently unidentified officials, employees and/or agents of the City of New York in their official and individual capacities,

                            Third-Party Plaintiffs,

- against -

BROOKFIELD OFFICE PROPERTIES INC.,

                            Third-Party Defendant.

12 CV 4129 (GBD)

ECF CASE

**ANSWER TO THIRD-PARTY COMPLAINT**

---

Third-Party Defendant Brookfield Office Properties Inc. ("Brookfield"), by its attorneys,

Fried, Frank, Harris, Shriver & Jacobson LLP, for its Answer to the Third-Party Complaint,

respectfully alleges upon knowledge as to itself and its own actions, and upon information and belief as to all other matters, as follows:

1. Admits that, as set forth in paragraph 1 of the Third-Party Complaint, on or about May 24, 2012, plaintiffs filed a complaint (the "Complaint") against the City of New York; Michael Bloomberg, in his official capacity as Mayor of the City of New York; Raymond Kelly, in his official capacity as Police Commissioner of the City of New York; and John Doherty, in his official capacity as the Commissioner of the Department of Sanitation (collectively, the "Defendants/Third-Party Plaintiffs").

2. Admits that the Defendants/Third-Party Plaintiffs purport to proceed as set forth in paragraph 2 of the Third-Party Complaint, and otherwise denies the allegations set forth in paragraph 2.

3. Avers that paragraph 3 of the Third-Party Complaint purports to state a legal conclusion as to which no response is required, but to the extent a response is required, admits that jurisdiction is proper.

4. Avers that paragraph 4 of the Third-Party Complaint purports to state a legal conclusion as to which no response is required, but to the extent a response is required, admits that venue is proper.

5. Admits that the City of New York is a municipal corporation duly organized under the laws of the State of New York, as set forth in paragraph 5 of the Third-Party Complaint.

6. Admits that Michael Bloomberg is the Mayor of the City of New York, as set forth in paragraph 6 of the Third-Party Complaint.

7. Admits that Raymond Kelly is the Commissioner of the New York City Police Department (the "NYPD"), and that the NYPD is an agency of the City of New York, as set forth in paragraph 7 of the Third-Party Complaint.

8. Admits that John Doherty is the Commissioner of the New York City Department of Sanitation (the "NYDS"), and that the NYDS is an agency of the City of New York, as set forth in paragraph 8 of the Third-Party Complaint.

9. Admits the allegations set forth in paragraph 9 of the Third-Party Complaint.

10. Admits the allegations set forth in paragraph 10 of the Third-Party Complaint.

11. Admits the allegations set forth in paragraph 11 of the Third-Party Complaint.

12. In response to paragraph 12 of the Third-Party Complaint, admits that on November 14, 2011 a representative from Brookfield wrote a letter to Mayor Bloomberg, and refers to the document referenced in Paragraph 12 of the Third-Party Complaint for a complete and accurate statement of the letter's contents.

13. Denies that paragraph 13 of the Third-Party Complaint is a complete and accurate description of the matters alleged. Denies knowledge or information sufficient to form a belief as to the motivation for why the NYPD took the actions that it did on November 15, 2011, except admits that in the early morning of November 15, 2011, members of the NYPD began instructing those occupying Zuccotti Park (the "Park") that they must immediately remove their personal property and vacate the Park so that the Park could be cleaned and restored to its original condition.

14. Denies that paragraph 14 of the Third-Party Complaint is a complete and accurate description of the matters alleged, except admits that prior to November 15, 2011, Brookfield, at

NYPD's direction, hired IESI, a private waste management company, to provide trucks to be available to clear refuse and abandoned property from the Park.

15. Denies that paragraph 15 of the Third-Party Complaint is a complete and accurate description of the matters alleged, except admits that a cleaning service hired by Brookfield, along with employees of the NYDS and the NYPD, loaded refuse from the Park into two IESI trucks.

16. Denies that paragraph 16 of the Third-Party Complaint is a complete and accurate description of the matters alleged, except states upon information and belief that the contents of the IESI trucks were unloaded at IESI facilities.

17. Denies the allegations set forth in paragraph 17 of the Third-Party Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Third-Party Complaint, except refers to the document referenced therein for a complete and accurate statement of its contents.

19. Admits that, as set forth in paragraph 19 of the Third-Party Complaint, Exhibit A to the Third-Party Complaint is a true copy of the complaint in the OWS action, as defined in the Third-Party Complaint.

20. Admits that, as set forth in paragraph 20 of the Third-Party Complaint, Exhibit B to the Third-Party Complaint is a true copy of the answer filed by defendants/third-party plaintiffs in this action.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Third-Party Complaint.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

22. Denies the allegations in paragraph 22 of the Third-Party Complaint.

23. Denies the allegations in paragraph 23 of the Third-Party Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

24. Denies the allegations in paragraph 24 of the Third-Party Complaint.

### FIRST AFFIRMATIVE DEFENSE

25. The Third-Party Complaint and the Complaint fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

26. By virtue of the eight affirmative defenses pled by the Defendants/Third-Party Plaintiffs in their answer to the Complaint, each of which is incorporated herein, no recovery may be had against the Defendants/Third-Party Plaintiffs, and therefore no recovery may be had against Brookfield.

### THIRD AFFIRMATIVE DEFENSE

27. Defendants/Third-Party Plaintiffs did not incur damages as a result of any legally cognizable action, inaction, or conduct by Brookfield.

### FOURTH AFFIRMATIVE DEFENSE

28. Plaintiffs did not incur damages as a result of any legally cognizable action, inaction, or conduct by Brookfield or the Defendants/Third-Party Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

29. Defendants/Third-Party Plaintiffs, having expressly directed Brookfield and its employees, agents, and independent contractors with respect to the events alleged of November 15, 2011, are barred from obtaining the legal and equitable relief they seek on account of their own actions and culpable acts and omissions.

**SIXTH AFFIRMATIVE DEFENSE**

30. Defendants/Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

31. Plaintiffs' claims against Defendants/Third-Party Plaintiffs are barred, in whole or in part, by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

32. Defendants/Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and ratification.

**NINTH AFFIRMATIVE DEFENSE**

33. Plaintiffs' claims against Defendants/Third-Party Plaintiffs are barred, in whole or in part, by the doctrines of waiver, estoppel, and ratification.

**TENTH AFFIRMATIVE DEFENSE**

34. Defendants/Third-Party Plaintiffs, at all relevant times, had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint and the Third-Party Complaint. Brookfield alleges that to the extent Defendants/Third-Party Plaintiffs failed to comply with that duty, they are barred from recovering any damages which might reasonably have been avoided.

**ELEVENTH AFFIRMATIVE DEFENSE**

35. Plaintiffs, at all relevant times, had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint, by among other things, promptly complying with the lawful and reasonable directives of City agencies acting within the scope of their jurisdiction, and the laws and rules governing the operation of the Park.

Brookfield alleges that to the extent Plaintiffs failed to comply with that duty, they are barred from recovering any damages which might reasonably have been avoided.

### TWELFTH AFFIRMATIVE DEFENSE

36.     Brookfield is informed and believes, and on that basis alleges, that Defendants/Third-Party Plaintiffs' claims are barred, in whole or in part, because of the contribution of, or comparative fault and contributory negligence of, Defendants/Third-Party Plaintiffs, Plaintiffs, or other entities or persons.

### THIRTEENTH AFFIRMATIVE DEFENSE

37.     To the extent Defendants/Third-Party Plaintiffs seek indemnification by Brookfield for punitive damages owed to Plaintiffs, such recovery is barred as a matter of law.

### FOURTEENTH AFFIRMATIVE DEFENSE

38.     Brookfield's conduct as it relates to the matters alleged in the Complaint and the Third-Party Complaint was required, in whole or in part, by the duties set forth in Article III of the New York City Zoning Resolution of 1968.

### FIFTEENTH AFFIRMATIVE DEFENSE

39.     Brookfield's conduct as it relates to the matters alleged in the Complaint and the Third-Party Complaint was required, in whole or in part, in order to comply with its duty to maintain health and safety in the Park.

### SIXTEENTH AFFIRMATIVE DEFENSE

40.     Brookfield's conduct as it relates to the matters alleged in the Complaint and the Third-Party Complaint was required, in whole or in part, in order to enforce the Zuccotti Park rules, which were upheld by the Hon. Michael D. Stallman of the Supreme Court of the State of

New York, New York County, in his ruling on a request for a temporary restraining order in Waller et al. v. City of New York et al., on November 15, 2011.

### SEVENTEENTH AFFIRMATIVE DEFENSE

41.     Brookfield had no control or authority over any of the Defendants/Third-Party Plaintiffs, and therefore cannot be held liable for any damage caused by alleged Constitutional violations, alleged failures to adequately supervise and train City employees, or other culpable acts or omissions alleged on the part of the Defendants/Third-Party Plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

42.     Brookfield specifically reserves and does not waive any and all additional, separate or other affirmative defenses that it may have, or which may be revealed by discovery or any further investigation in this matter.

WHEREFORE, Brookfield respectfully requests a judgment dismissing the Third-Party Complaint, awarding Brookfield its costs and disbursements herein, including reasonable attorneys' fees, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 15, 2012

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP

By: _____/s/ Douglas H. Flaum_____
Douglas H. Flaum
Richard G. Leland

One New York Plaza
New York, New York 10004-1980
(212) 859-8000
douglas.flaum@friedfrank.com

Attorneys for Third-Party Defendant
  Brookfield Office Properties Inc.

8682306